IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW J. ST. ONGE,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　) 　Civil Action No.　17-1402
　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　)

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motions (ECF No. 13) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## **I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he has been disabled since May 1, 2008. (ECF No. 5-5, pp. 5, 7). Administrative Law Judge ("ALJ"), Michael Kaczmarek, held a hearing on December 3, 2015. (ECF No. 5-2, pp. 37-73). On March 9, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 21-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred in giving little weight to his treating physician, Dr. Marin, while giving great weight to the opinion of the state agency psychologist consultant, Dr. Santilli. (ECF No. 14, pp. 8-10). Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and

3

severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

Plaintiff suggests that the ALJ erred in giving great weight to the state agency psychologist's opinion over that of his treating physician because the state agency psychologist, Dr. Santilli, did not have the opportunity to review his treating physician's change in diagnosis because he did not have the opportunity to review medical records from a period of sustained sobriety. (ECF No. 14, p. 10). As such, Plaintiff contends Dr. Santilli's opinion was "outdated." (ECF No. 14, p. 10).

To begin with, a treating doctor's opinion is not automatically entitled to greater weight over that of a non-examining doctor's opinion, as Plaintiff suggests. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, the ALJ gave Dr. Marin's assessments little weight because they were inconsistent with the record of treatment and went on to discuss the inconsistencies. (ECF No. 5-2, pp. 28-29). Consistency is a proper reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).

It is true that Dr. Santilli issued her opinion prior to any of Dr. Marin's records or opinions. (ECF No. 5-3, pp. 2-10). That, in and of itself, is not necessarily an issue. *See, Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). It is troubling, though, that after her opinion and during the lapse of time, Dr. Marin revised his diagnosis of PTSD to "other specified trauma and stressor-related disorder (due to dominance of numbing and avoidance)." (ECF No. 5-8, pp. 114-115). This evidence could be read to indicate that Plaintiff's condition changed/deteriorated. "[O]ther courts have been disinclined to uphold

5

the denial of benefits when the ALJ relied upon an outdated report of a non-treating physician, and there was evidence on the record that the claimant's condition deteriorated after the report was prepared." *Link v. Soc. Sec. Disability*, No. 13-812, 2014 WL 3778320, at *11 (W.D. Pa. July 30, 2014), *citing, Griffies v. Astrue,* 855 F.Supp.2d 257 (D.Del.2012) (recognizing that non-treating sources should be 'evaluated to the degree to which these opinions consider all of the pertinent evidence in [the] claim.') and *Foley v. Barnhart,* 432 F.Supp.2d 465 (M.D.Pa. 2005); *Nolan v. Astrue,* No. 10-1639, 2011 WL 3651152, at *19 (W.D. Pa. Aug. 18, 2011), *citing Cadillac v. Barnhart,* 84 Fed. Appx. 163, 168-69 (3d Cir. 2003). Based on the same and the facts of this case, it is concerning that that Dr. Santilli did not review these records and opinions given the fact that the ALJ gave Dr. Santilli's opinion great weight.

Plaintiff also suggests the ALJ erred in weighing the opinion evidence because the ALJ "never mentioned Dr. Marin's treatment notes from the VAMC, which span over two years." (ECF No. 14, p. 9). While "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," an ALJ must set forth his decision such that a reviewing court is sufficiently able to discern the basis for the ALJ's opinion. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). In this case, the ALJ merely noted that the VA records in particular are lengthy and that he engaged in a thorough review of them, but he makes no further reference to them at all. (ECF No. 5-2, pp. 26-29). This fact is also disturbing to me.

Further concerning is the ALJ's handling of the VA determination. Plaintiff argues that the ALJ erred in failing to review and analyze a disability determination by the Department of Veterans Affairs. (ECF No. 14, pp. 10-12). A decision rendered by the VA is relevant and should not be ignored. Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight." *Kane v.*

*Heckler,* 776 F.2d 1130, 1135 (3d Cir. 1985). Of course, it is well-settled that a decision by another governmental agency that an individual is disabled is not binding upon the ALJ. *See,* 20 C.F.R. §§404.1504, 416.904; *see also, Pratts v. Comm'r of Soc. Sec.,* Civ. No. 13-2372, 2015 WL 5139148 at *14 (D.N.J. Sept. 1, 2015); *Alston v. Astrue,* Civ. No. 10-839, 2011 WL 4737605 at *5 (W.D. Pa. Oct. 5, 2011). In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.'" *Malcom v. Barnhart,* 448 F.Supp.2d 595 (D. Del. 2006), *quoting, Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001); 20 C.F.R. § 404.1512(b)(1)(v). Thus, an ALJ may give less weight to a VA disability rating so long as the ALJ sets forth specific and valid reasons for doing so and that those reasons are supported by substantial evidence of record. *Chambliss,* 269 F.3d at 522 (ALJ must "adequately explain the valid reasons for not" giving great weight to a VA rating). Therefore, it is reversible error "where 'the ALJ rejected the V.A. determination solely on the differences between the standard for disability between the V.A. and the SSA, with no analysis of the facts.'" *Pratts,* 2015 WL 5139148 at *15 (internal citations omitted).

In this case, the ALJ clearly considered the VA determination as he referenced it in his decision. (ECF No. 5-2, pp. 28-29). Yet, the ALJ fails to weigh or analyze the VA decision in any meaningful manner. *Id.* Rather, he merely references the decision and notes that the VA's standard of proof is different than that of the SSA. *Id.* at p. 28. He failed to give any other reason or explanation for apparently giving VA decision little weight. His lack of discussion prohibits me from conducting a meaningful review. As a result, I find the ALJ's conclusory basis for dismissing the VA's decision rating, without any analysis of the same, was error. *Pratts,* 2015 WL 5139148 at *15.

Moreover, Plaintiff argues that the ALJ erred by giving great weight to the opinion of Dr. Santilli but not including all of the limitations set forth by Dr. Santilli in the residual functional capacity (RFC)[2] or hypothetical questions to the vocational expert (VE).  (ECF No. 14, pp. 13-15).   Plaintiff submits that because the ALJ gave Dr. Santilli's opinion significant weight, he should have also included in the RFC and the hypothetical questions all of the limitations noted by Dr. Santilli in her opinion.  *Id.*   After a review of the record, I agree.   Certainly, the ALJ is not required to accept Dr. Santilli's opinion at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).   To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence.   *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000).   "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006).   "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"   *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).   Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence.   *Id.*

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).   In this case, the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations.   (ECF No. 5-2, p. 25).

Here, the ALJ failed to articulate why he gave significant weight to the opinion of Dr. Santilli but did not account for all of the limitations set forth in his opinion. The failure to provide an explanation prohibits me from conducting a proper and meaningful review.

Consequently, based on all of the above, I find the ALJ's decision is not based on substantial evidence and remand is warranted on this issue.

Plaintiff raises other arguments in his brief.[3] (ECF 14, pp. 7, 12-13). Since I am remanding as set forth above, these issues will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument it at this time.

---

[3] Plaintiff argues that the ALJ "erred by failing to recognize and adjudicate the correct medical diagnosis as a severe impairment" at step 2. (ECF No. 14, p. 7). Plaintiff's physician, Dr. Marin, originally diagnosed Plaintiff with posttraumatic stress disorder (PTSD), but revised his opinion on December 15, 2014, and diagnosed Plaintiff with "other specified trauma and stressor-related disorder (due to dominance of numbing and avoidance)." (ECF No. 5-8, pp. 114-115). Yet, at step 2 the ALJ found Plaintiff has, *inter alia,* the severe impairment of PTSD. (ECF No. 5-2, p. 23). As a result, Plaintiff requests remand for adjudication "of the correct diagnosis." (ECF No. 14, p. 7).

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff has the following severe impairment: posttraumatic stress disorder (PTSD), bipolar disorder, depression, anxiety and alcohol abuse in remission. (ECF No. 5-2, p. 23). So, the ALJ proceeded to the next steps. (ECF No. 5-2, pp. 23-31). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded with the analysis. In so doing, the ALJ acknowledged that in making the RFC determination he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." (ECF No. 5-2, p. 25). Additionally, the ALJ recognized the revised diagnosis and provided an analysis of Dr. Marin's assessments. (ECF No. 5-2, pp. 28-29). Thus, the ALJ proceeded to consider all of Plaintiff's limitations, regardless of the diagnosis in the evaluation process and in determining Plaintiff's RCF. (ECF No. 5-2, pp. 25-29). Therefore, any purported error was harmless. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). Nonetheless, since I am remanding the case as set forth above, this issue will be reviewed again on remand.

Plaintiff also argues that the ALJ erred in step 3 of the analysis. In step 3 of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114,

An appropriate order shall follow.

---

117 (3d Cir. 1995). This step is designed to streamline the decision-making process by identifying those whose impairments are so severe that they are presumed disabled. 20 C.F.R. §404.1525(a). Thus, an applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

Plaintiff asserts that the ALJ erred in finding that Plaintiff does not meet either Listing 12.04 or 12.06 because he did not cite to any medical evidence, just Plaintiff's testimony, in making the determination. (ECF No. 14, pp. 12-13). Essentially, Plaintiff argues that the ALJ should have provided a more thorough explanation of how he reached the conclusion that Plaintiff did not meet or equal these listings. *Id.* For clarity, I simply note that it is Plaintiff's burden to show that his impairment(s) matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992). At no point, however, does Plaintiff suggest how he meets Listing 12.04 or 12.06. *See, id.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW J. ST. ONGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 17-1402 |
| ) | |
| NANCY A. BERRYHILL,[4] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 25th day of February, 2019, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 13) is granted and Defendant's Motion for Summary Judgment (ECF No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.